**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**FRED COON; KAREN STRECKER;**
**SCOTT MATHER; CONNIE MATHER;**
**KENNETH KEPPEL; KAREN KEPPEL;**
**DALE MANGAN; and FRED COON** *on*
*behalf of his deceased wife, Pearl Coon,*

                **Plaintiffs,**

              **v.**                                      **5:02-CV-1195**
                                                     **(FJS/GJD)**

**WILLET DAIRY, LP; WILLET DAIRY,**
**LLC; WILLET DAIRY, INC.; DENNIS**
**ELDRED; and SCOTT ELDRED,**

                **Defendants.**
_____
_____

**CONNIE MATHER and SCOTT MATHER**
*as Parents and Natural Guardians of S.M., a*
*Minor Child***,**

                **Plaintiffs,**

              **v.**                                      **5:04-CV-917**
                                                     **(FJS/GJD)**

**WILLET DAIRY, LP; WILLET DAIRY,**
**LLC; WILLET DAIRY, INC.; DENNIS**
**ELDRED; and SCOTT ELDRED,**

                **Defendants.**
_____

**APPEARANCES**                                    **OF COUNSEL**

**OFFICE OF GARY A. ABRAHAM**         **GARY A. ABRAHAM, ESQ.**
170 North Second Street
Allegany, New York 14706
Attorneys for all Plaintiffs

**KNAUF SHAW LLP**  **ALAN J. KNAUF, ESQ.**
1125 Crossroads Building
2 State Street
Rochester, New York 14614
Attorneys for Plaintiffs

**NIXON PEABODY LLP**  **DAVID L. COOK, ESQ.**
Clinton Square, Suite 1300
P.O. Box 31051
Rochester, New York 14603-1051
Attorneys for Defendant**s**

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

In these consolidated actions, Plaintiffs collectively asserted seven causes of action: (1) Clean Water Act ("CWA") violations; (2) Resource Conservation and Recovery Act ("RCRA") violations; (3) a declaratory judgment that Defendants violated the CWA, the Rivers and Harbors Act of 1899 ("RHA"), and New York Environmental Conservation Law ("ECL"); (4) negligence; (5) trespass; (6) public nuisance; and (7) private nuisance. *See Coon v. Willet Dairy, LP*, Nos. 5:02-CV-1195 and 5:04-CV-917, 2007 WL 2071746, *1 (N.D.N.Y. July 17, 2007). This Court granted Defendants' motion for summary judgment with respect to Plaintiffs' CWA, RCRA, RHA, and ECL claims as well as their request for a declaratory judgment. *See id*. at *7. Furthermore, this Court declined to exercise supplemental jurisdiction over Plaintiffs' remaining claims and dismissed those claims without prejudice. *See id*.

On appeal, the Second Circuit affirmed this Court's decision and noted that the portion of Plaintiffs' CWA claim that dealt with stream diversion required the Circuit to interpret, for the

first time in the Second Circuit, 33 U.S.C. § 1344(f)(2) as it relates to the construction of stock ponds. *See Coon v. Willet Dairy, LP*, 536 F.3d 171, 172 (2d Cir. 2008) (per curiam).

Defendants now move for attorney's fees and costs pursuant to Fed. R. Civ. P. 54(d) and 33 U.S.C. § 1365(d).[1]  Defendants seek fees at the traditional hourly rates in this District: $210, $150, $120, and $80.  Using these rates, Defendants request a total fee award of $557,366.41 and $163,332.33 in costs.

## II.  DISCUSSION

### A.  Defendant's entitlement to attorney's fees

Under the CWA, a prevailing defendant must meet a stricter standard than a prevailing plaintiff to receive an award of fees. *See Atl. States Legal Found., Inc. v. Onondaga Dep't of Drainage & Sanitation*, 899 F. Supp. 84, 87 (N.D.N.Y. 1995).  "A prevailing defendant can recover fees only when the Court finds that the litigation was 'frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" *Id.* (quoting *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422, 98 S. Ct. 694, 701, 54 L. Ed. 2d 648 (1978)).  Since the effect of such a rule is to deter frivolous litigation, "even an entirely successful defendant may not be entitled to an award of fees." *Id.* at 87-88 (citation omitted).

Initially, the Court finds that its decision not to exercise supplemental jurisdiction over some of Plaintiffs' state-law claims did not contain any evaluation of the merits of those claims;

---

[1] The CWA provides in pertinent part: "The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate." 33 U.S.C. § 1365(d).

accordingly, the Court's dismissal of those claims without prejudice has no bearing on this analysis. The Court did, however, consider the merits of Plaintiffs' RHA, ECL, RCRA, and CWA claims. Therefore, to determine whether to award Defendants fees in this case, the Court must consider whether these claims – individually or as a whole – were frivolous, unreasonable or groundless.

The Court dismissed Plaintiffs' RHA and ECL claims on the basis that there was no private right of action for those claims. *See Coon*, 2007 WL 2071746, at \*6-\*7. The Court finds that these are the type of frivolous claims which could lead to an award of attorney's fees.

With respect to Plaintiffs' RCRA claims, the Court found that allowing Plaintiffs to proceed would violate RCRA's non-duplication provision. *See id*. at \*5-\*6. The Court finds that Plaintiffs' attempt to avoid the duplication provision was largely unreasonable and groundless.

With respect to Plaintiffs' CWA claims, the Court dismissed these claims for three reasons: (1) the complained of conduct was subject to a consent order; and, furthermore, Plaintiffs presented no evidence of an ongoing violation or that a violation was likely to occur; (2) Plaintiffs' claim regarding diversion of streams was subject to a statutory exception; and (3) Plaintiffs' claims were otherwise barred by a permit shield. *See id*. at \*2-\*5. The Court finds that, at some point in the litigation, Plaintiffs should have become aware that they could not show a continuing violation that was not subject to the consent judgment. However, with respect to stream diversion, although this Court and the Second Circuit disagreed with Plaintiffs' proposed statutory construction, the Second Circuit noted that "[t]his is a new issue for our circuit and thus we write to clarify our position." *Coon*, 536 F.3d at 174. Finally, with regard to the "permit shield," the Court finds that, similar to the consent order, at some point in the

litigation, Plaintiffs should have been aware that they could not show any violation not shielded by Defendants' permit.

Although the actual time might have been earlier, the Court concludes that upon receipt of Defendants' Memorandum in Reply April 12, 2006, Plaintiffs' counsel should have realized that, with the possible exception of the stream diversion claim, their claims were "frivolous, unreasonable, or groundless." *Atl. States Legal Found., Inc.*, 899 F. Supp. at 87; *see Sierra Club v. Cripple Creek & Victor Gold Mining Co.*, 509 F. Supp. 2d 943, 951 (D. Colo. 2006) (awarding attorney's fees where the plaintiffs continued to litigate after "[p]laintiffs should have known that they had no evidentiary support to establish an ongoing violation of the existing permits" and "the [p]laintiff's proceeded to trial without evidence to establish essential elements of their claims"). Accordingly, the Court will grant Defendants an award of reasonable attorney's fees for the time that their counsel expended on this matter between April 13, 2006 and June 7, 2007.[2]

**B.     Reasonable rate**

To determine an appropriate award of attorney's fees in the Second Circuit**,** a district court should determine the "reasonable hourly rate that a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). The court should consider the *Johnson*[3] factors as well as the following: the fact that

---

[2] The last of Defendants' counsel's time records is dated June 7, 2007.

[3] *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). "The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly
(continued...)

a paying client wishes to spend "the minimum necessary to litigate the case effectively" and the benefits to the attorney's reputation for being associated with the case. *Id*. Finally, "the district court should use that reasonable hourly rate to calculate what can properly be termed the "presumptively reasonable fee." *Id*.

The Court finds that, after considering all the factors above and the parties' submissions, the following rates are reasonable in this case: $210 for experienced attorneys; $150 for attorneys with more than four years, but less than ten years, experience; $120 for attorneys with four or fewer years of experience; and $80 for paralegals. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 419 F. Supp. 2d 206, 211 (N.D.N.Y. 2005). The Court finds that Defendants' requested hourly rates are appropriate for the following timekeepers: David Cook ($210); Annette Gifford ($150 and $120); Matthew Cole ($120); Leah Ziemba ($120); and Jennifer Rogers ($80). Defendants request an hourly rate of $150 for non-attorney timekeepers Elena Kelly[4] and Jason Zwetsch.[5] Since neither of these persons is an attorney, the Court will award them fees at the paralegal hourly rate.

---

[3](...continued)
rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill*, 522 F.3d at 187 n.3 (citing *Johnson*, 488 F.2d at 717-19).

[4] The Court notes that Ms. Kelly's Nixon Peabody biography lists her as a paralegal.

[5] Mr. Zwetsch appears to have been an Associate Environmental Scientist with Nixon Peabody.

**C.     Reasonable hours**

The Court has reviewed Defendants' counsel's time records from April 13, 2006 through June 7, 2007, and finds that the hours recorded therein are reasonable. Accordingly, the Court will award fees based on the following calculations:

| Timekeeper | Hourly Rate | Hours | Fee |
|---|---|---|---|
| David Cook | 210 | 62.3 | $13,083.00 |
| Annette Gifford | 150 | 9.6 | $1,440.00 |
| Annette Gifford | 120 | 17.8 | $2,136.00 |
| Matthew Cole | 120 | 8.3 | $996.00 |
| Leah Ziemba | 120 | 6.4 | $768.00 |
| Elena Kelly | 80 | 10.1 | $808.00 |
| Jennifer Rogers | 80 | 41.7 | $3,336.00 |
| Jason Rogers | 80 | 15.4 | $1,232.00 |
| **TOTAL** | | | **$23,799.00** |

**D.     Costs**

Defendants request reimbursement for $163,332.33 in expert and consultant fees and $23,304.41 in costs. Since Defendants did not provide records showing the dates on which Defendants incurred these costs or the invoices to support these expenses, the Court will not award Defendants any expert and consultant fees or costs.

## IV.  CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendants' motion for attorney's fees is **GRANTED in part** and **DENIED in part**; and the Court further

**ORDERS** that Defendants are awarded attorney's fees in the amount of $23,799.00; and the Court further

**ORDERS** that the Clerk of the Court shall amend the judgment to include this award of attorney's fees.

**IT IS SO ORDERED.**

Dated: March 31, 2009
      Syracuse, New York

                                            Frederick J. Scullin, Jr.
                                            Senior United States District Court Judge